# EXHIBIT A

管辖权异议申请书<br>（2025）渝 01 民初 812 号

# 管辖权异议申请书

| | |
|---|---|
| 申请人一（被告一）： | 威勒斯媒体有限公司（Velos Media, LLC） |
| 住　所　地： | 美国得克萨斯州达拉斯市枫树大道 4143 号 130 室，邮编 75219-3288 |
| 申请人二（被告二）： | 威勒斯媒体国际有限公司（Velos Media International Limited） |
| 住　所　地： | 爱尔兰都柏林市卡里克迈恩斯公园海德大厦 32 号单元，邮编 D18 Pw64 |
| 申请人三（被告三）： | 泰克斯特流有限公司（TechStream, LLC） |
| 住　所　地： | 美国得克萨斯州达拉斯市枫树大道 4143 号 130 室，邮编 75219-3288 |

| | |
|---|---|
| 被申请人（原告一）： | 字节跳动有限公司（Bytedance Ltd.） |
| 被申请人（原告二）： | 字节跳动技术有限公司（Bytedance Technology Ltd.） |
| 被申请人（原告三）： | 重庆今日头条信息技术有限公司 |

案由：标准必要专利使用费纠纷

请求事项：

　　1.请求驳回三原告的起诉，并裁定中国法院对本案不具有司法管辖权；

　　2.如果上述请求无法得到支持，请求裁定将本案移送至北京知识产权法院审理。

事实与理由：

　　针对贵院受理的字节跳动有限公司、字节跳动技术有限公司（原告一、二合称"字节跳动"）、重庆今日头条信息技术有限公司（原告三简称"重庆今日头条"，三公司合称"原告"）诉威勒斯媒体有限公司（被告一简称"威勒斯媒体"）、威勒

管辖权异议申请书<br>（2025）渝 01 民初 812 号

斯媒体国际有限公司、泰克斯特流有限公司（被告三简称"泰克斯特流"）（合称"被告"）标准必要专利使用费纠纷一案，案号：（2025）渝 01 民初 812 号（简称"本案"），被告依法提起管辖权异议申请。

**事实和理由概要如下：**

**第一，原告避而不谈其与 Avanci 视频许可平台谈判沟通许可的事实，是在根本上误述事实并误导法院。**

Avanci 视频许可平台自 2023 年 10 月 18 日成立起，即代表其成员，向包括字节跳动的全球从事互联网流媒体服务的实施人提供平台许可。据了解及合理相信，字节跳动已收到涵盖被告一拥有的视频编码专利组合的符合 RAND 原则的许可要约。被告一威勒斯媒体和被告三泰克斯特流均是 Avanci 视频许可平台的成员。截至本管辖权异议提出之日，历经数年，字节跳动尚未加入 Avanci 视频许可平台。字节跳动与 Avanci 视频许可谈判的具体进展，被告无法获知。但字节跳动作为与 Avanci 视频许可平台谈判的当事人，完全了解相关许可谈判的进展以及事实，但却完全未向法院提及该谈判过程。

2025 年 2 月，在 Avanci 视频许可平台与字节跳动接触超过数年，协商许可且显然未果后，威勒斯媒体尝试通过与字节跳动签订保密协议（NDA），从而开启双边许可谈判。但字节跳动就该保密协议提出不合理的条款，导致双方至今未能签署保密协议，造成双方无法进入实质性技术谈判以及商务谈判。

全球各司法辖区已有判例，均明确认可"平台/专利池许可行为"可作为其成员履行 RAND 义务之依据。具体到本案，当字节跳动尚未加入 Avanci 视频许可平台时，威勒斯媒体向字节跳动提出双边许可谈判请求、并开始沟通双边保密协议，威勒斯媒体的行为完全符合 RAND 义务。而原告字节跳动在起诉状中仅强调其与威勒斯媒体的双边谈判尝试，避而不谈其已与 Avanci 视频许可平台谈判沟通许可的事实，是从根本上误述事实并误导法院。

**第二，本案应依法驳回原告的起诉。**

依据"不方便法院"原则，尤其是被告一已在美国提起专利侵权纠纷，美国法院极有可能在审理双方是否进行了善意谈判时，在审理赔偿数额计算问题时对许可使用费率进行审理。因此，本案更适合由美国法院管辖，中国法院受理本案易引发全球裁判冲突，贵院应依法驳回原告的起诉。

各司法辖区对于裁判平台/专利池许可条件（包含费率）的诉请均采取否定

的态度。例如，英国法院在 2025 年审理的特斯拉诉 InterDigital、及专利池管理方 Avanci 一案中，明确驳回为 Avanci 专利池设定全球 FRAND 费率的请求。类似的，2025 年美国马萨诸塞州地区法院在 Roku 诉专利池管理方 Access Advance 一案中，明确拒绝为 Access Advance 专利池设定全球 FRAND 费率。

本案看似是原告要求法院裁定与被告的双边许可条件，然而，考虑到本案平台许可的背景事实，原告可能实际上是试图通过司法裁定最终来对 Avanci 视频许可平台的商业许可条件做司法定价。如对这类诉请不做否定评价，无论从司法实践，还是从许可商业实践来看，对构建良性的商业许可环境进而保护创新，都将产生极其负面的影响。

**第三，中国法院对本案不具有司法管辖权。**

本案被告均为外国公司，合同签订地、主要履行地、原告可供扣押财产所在地、被告代表机构住所地均与中国无管辖连结点，因此，原告起诉缺乏法律依据。

**第四，即便认为中国法院对本案具有司法管辖权，贵院亦无管辖权，本案应移送至北京知识产权法院审理。**

在案证据不能证明原告三重庆今日头条从事相关"抖音"业务，因此其不是涉案标准必要专利的实施主体，故原告三非适格原告，重庆也不是涉案标准必要专利的实施地，也不能依据原告三住所地确定管辖；本案可考虑"抖音"APP 的经营主体位于北京，"抖音"APP 的研发、运营地点可能位于北京，涉案标准必要专利可能在北京实施，及涉案中国专利授权机关（国家知识产权局）均位于北京，因此，北京知识产权法院是更适当管辖法院。

**具体事实与理由如下：**

**一、原告避而不谈其与 Avanci 视频许可平台谈判沟通许可的事实，是从根本上误述事实并误导法院。**

被告一威勒斯媒体拥有并授权管理一个由 450 多个全球专利资产组成的专利组合，这些专利组合主要与一项或多项视频解码标准相关。威勒斯媒体自 2017 年以来一直为 HEVC 相关专利进行许可，并致力于开发极高质量的专利组合。H.265、H.266 标准是全球最广泛使用的视频解码标准之一。

原告在起诉状中认可，H.265 标准是高效视频编码（High Efficiency Video

Coding, HEVC）技术标准，H.266 标准是多功能视频编码（Versatile Video Coding, VVC）技术标准。450 多个全球专利资产主要由被告一或被告二的名义持有。

原告在也起诉状中认可，H.265、H.266 视频编解码标准在全球范围内被广泛采用：包括硬件、软件、流媒体等产品和服务。原告的部分产品、服务使用了 H.265、H.266 标准相关的视频编解码标准。

Avanci 视频许可平台自 2023 年 10 月 18 日成立起，即代表其成员向包括字节跳动的全球从事互联网流媒体服务的实施人提供平台许可（见附件 1：Avanci 官网媒体发布—Avanci 推出 Avanci 视频平台）。被告一威勒斯媒体和被告三泰克斯特流均是 Avanci 视频许可平台的成员（见附件 2：Avanci 官网截图—Avanci 视频许可平台许可方成员介绍）。据了解及合理相信，字节跳动已收到涵盖被告一拥有的视频编码专利组合的符合 RAND 原则的许可要约。截至本管辖权异议提出之日，历经数年，字节跳动尚未加入 Avanci 视频许可平台。字节跳动与 Avanci 视频许可谈判的具体进展，被告无法获知。但字节跳动作为谈判当事人，完全了解相关许可谈判的进展以及事实，但却完全未向法院提及该谈判过程。

2025 年 2 月，在 Avanci 视频许可平台与字节跳动接触超过数年，协商许可且显然未果后，威勒斯媒体尝试通过先与字节跳动签订保密协议（NDA），从而开启双边许可谈判。但字节跳动就保密协议提出不合理的条款，导致双方至今未能签署保密协议，造成双方无法进入实质性技术谈判以及商务谈判。

全球各司法辖区已有判例，均明确认可"平台/专利池许可行为"可作为其成员履行 RAND 义务之依据。具体到本案，当字节跳动尚未加入 Avanci 视频许可平台，威勒斯媒体向字节跳动提出双边许可谈判请求并开始沟通双边保密协议时，威勒斯媒体的行为完全符合 RAND 义务。而原告字节跳动在起诉状中仅强调其与威勒斯媒体的双边谈判尝试，避而不谈其与 Avanci 视频许可平台谈判沟通许可的事实，是在根本上误述事实并误导法院。

二、本案应依法驳回原告的起诉。

（一）根据"不方便法院"原则，尤其是被告一已在美国提起专利侵权纠纷，美国法院极有可能在审理双方是否进行了善意谈判时，以及在审理赔偿问题时对许可使用费率进行审理，本案应由更方便的美国法院管辖，贵院受理将导致全球裁

**判冲突风险，本案应依法驳回原告的起诉。**

《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》（2022 修正）第五百三十条规定：

"涉外民事案件符合下列情形的，人民法院可裁定驳回原告的起诉，并告知其向更方便的外国法院提起诉讼：

（一）被告提出案件应由更方便外国法院管辖的请求，或者提出管辖异议；

（二）当事人之间不存在选择中华人民共和国法院管辖的协议；

（三）案件不属于中华人民共和国法院专属管辖；

（四）案件不涉及中华人民共和国国家、公民、法人或者其他组织的利益；

（五）案件争议的主要事实不是发生在中华人民共和国境内，且案件不适用中华人民共和国法律，人民法院审理案件在认定事实和适用法律方面存在重大困难；

（六）外国法院对案件享有管辖权，且审理该案件更加方便。"

本案符合上述第（一）至（三）项规定，即被告已提出管辖异议，且提出了美国法院更方便管辖本案的请求；双方当事人之间不存在选择中国法院管辖的协议；本案也不属于中国法院专属管辖。

本案符合上述第（四）项规定，即三被告与原告一、二均为外国公司，原告三重庆今日头条系不适格原告（详见本申请书第四部分），故本案为涉外民事纠纷，不涉及中国法人的利益。

本案符合上述第（五）项规定，即本案争议主要事实发生在中国境外，故本案不适用中国法律，且中国法院在认定事实和适用法律方面存在重大困难。

本案中，就涉案标准必要专利进行许可谈判的原告二、被告均系外国公司，且主要谈判活动未发生在中国境内。故而，本案后续审理可能涉及到的谈判活动、费率计算等主要事实与中国法域关联薄弱，审理中必然涉及大量外国法的查明与适用。因此，若受理本案，中国法院在认定事实和适用法律方面必然存在重大困难。

本案符合上述第（六）项规定，即被告已在美国提起专利侵权纠纷，可能会对许可使用费率进行审理，中国法院受理本案会存在冲突裁判风险，故而美国法

院审理本案更方便。

进一步，被告一已于 2025 年 6 月 24 日在美国德克萨斯州西区联邦地区法院奥斯汀分部就 6 个涉案美国专利针对原告一等公司提起专利侵权诉讼，案号是 25-cv-00967。被告一的诉讼请求包括请求美国法院判决并宣告威勒斯媒体已与字节跳动就达成许可协议进行了善意谈判，威勒斯媒体履行了 RAND 义务；判决并宣告字节跳动未与威勒斯媒体进行善意谈判；判决原告一等公司专利侵权并赔偿损失。

由于美国案件受理日期（2025 年 6 月 24 日）早于本案受理日期，并且美国法院极有可能在审理双方是否就达成许可协议进行了善意谈判时，在审理损害赔偿数额计算时，就许可使用费率进行审理。在此情况下，若中国法院同时审理本案并裁决全球许可费率，极有可能在许可费率等问题上作出与美国法院相冲突的裁判，严重违背国际私法礼让原则。美国法院作为最先受理法院，与本案争议具有更密切联系，显然为审理本案更为方便的法院。

因此，中国法院应当本着国际司法礼让原则，对原告提出的裁决全球标准必要专利许可条件（包括全球许可使用费率）的事项不予处理，依法驳回原告的起诉。

（二）在全球各司法辖区对于裁判平台/专利池许可条件（包含费率）的诉请均采取否定的态度的情况下，考虑到本案平台许可的背景事实，原告可能实际上是试图通过司法裁定来对 Avanci 视频许可平台的商业许可条件做司法定价，就此而言，本案也应尊重许可商业实践，驳回原告起诉。

全球各司法辖区对于裁判平台/专利池许可条件（包含费率）的诉请均采取否定的态度。

2024 年至 2025 年间，针对特斯拉（Tesla）诉 InterDigital 及专利池管理方 Avanci 请求裁决 Avanci 平台提供的 5G 标准必要专利许可条款是否符合 FRAND（公平、合理、无歧视）原则，并请法院据此设定一项覆盖全部 Avanci 5G 专利池专利的全球性许可条款的案件，英国两级法院都裁定英国法院对该诉讼请求不具有管辖权。

英国高等法院一审裁决认为：对 Tesla 提出的全部许可请求均予以驳回，理由在于请求结构未能建立有效的法律义务基础。法官在判决中对请求对象进行了

分层审查：对于专利池管理方 Avanci，法院指出其既非 FRAND 承诺作出方，也非标准必要专利持有人，与 Tesla 之间不存在可识别的合同关系或代理义务，因此 Tesla 要求对其平台许可条款进行 FRAND 裁定缺乏法律基础，相关请求不构成"真实争议"；对于 **InterDigital**，尽管其作为标准必要专利持有人曾向 ETSI 作出 FRAND 承诺，法院亦认可其在形式上负有义务，但 Tesla 请求的实质是对 **Avanci** 平台整体许可结构进行裁定，超出了 InterDigital 作为单一权利人所能承担的救济范围，亦难以在未加入其他专利权人的前提下实现有效审理，故许可请求整体不予受理。

英国上诉法院于 2025 年 3 月 6 日二审裁决认为：特斯拉针对专利池管理方 Avanci 所寻求的许可声明缺乏可诉的请求权基础，驳回 Tesla 上诉请求。

2025 年 7 月 22 日，针对 Roku 与美国专利运营公司 Sun Patent Trust（SPT）、杜比（Dolby）及专利池管理方 Access Advance 之间的纠纷，美国马萨诸塞州地区法院做出裁定，美国联邦法院无权为专利池设定 FRAND 费率。即针对 Roku 关于为 Access Advance 许可设定 FRAND 费率的请求，美国法院拒绝此请求，认为美国法院缺乏管辖权作出此类裁定，原因在于专利池组合中非美国专利占比过高，且任何关于 FRAND 费率的意见均属咨询性质，并无约束力。

具体到本案，本案看似是原告要求法院裁定与被告的双边许可条件，然而，考虑到本案平台许可的背景事实，原告可能实际上是试图通过司法裁定来对 Avanci 视频许可平台的商业许可条件做司法定价。如对这类诉请不做否定评价，无论从司法实践，还是从许可商业实践来看，对构建良性的商业许可环境进而保护创新，都是极其负面的。

### 三、本案在中国不存在管辖连结点，中国法院对本案不具有司法管辖权。

根据《中华人民共和国民事诉讼法》（2023 修正）第二百七十六条的规定，在本案被告系外国公司且在中国境内没有住所和代表机构的情况下，在合同签订地、合同主要履行地、原告可供扣押财产所在地、被告代表机构住所地与中国不存在管辖连结点的情况下，原告在中国法院提起诉讼没有法律依据，中国法院对本案不具有司法管辖权。

（一）合同签订地、合同主要履行地无法作为本案管辖依据。

本案中，由于双方尚未达成标准必要专利许可协议，无法明确合同下的权利

义务，因此，本案无法以标准必要专利许可协议的合同签订地或主要履行地作为管辖连结点。

## （二）原告可供扣押财产所在地不在中国。

在原告三重庆今日头条信息技术有限公司系不适格原告[详见本申请书第四部分]的情形下，原告一、二均系外国（开曼群岛）公司，其核心资产、主要银行账户及具有重大价值的财产均位于中国境外，即可供扣押财产住所地均不在中国境内，故而，本案无法以可供扣押财产住所地作为管辖连结点。

## （三）三被告代表机构住所地不在中国。

三被告分别是美国、爱尔兰公司，系外国公司，无论其注册地或代表机构住所地均不在中国境内。故而，本案无法以被告的代表机构住所地作为管辖连结点。

## 四、即便认为中国法院对本案具有司法管辖权，重庆市第一中级人民法院也不具有管辖权，应将本案移送至北京知识产权法院审理。

（一）原告三重庆今日头条不是许可谈判的谈判方，也无在案证据证明原告三实施了涉案标准必要专利，因此原告三不是本案适格原告。无法依据原告三在重庆实施涉案标准必要专利，或原告三的住所地建立管辖，即重庆市第一中级人民法院对本案不具有管辖权。

《中华人民共和国民事诉讼法》（2023 修正）第一百二十二条的规定，起诉条件之一为"原告是与本案有直接利害关系的公民、法人和其他组织"。

**1.原告三重庆今日头条不是涉案标准必要专利的谈判主体，不属于与本案有直接利害关系的法人，非本案适格原告。**

原告在起诉状中自认"原告二字节跳动技术有限公司在本案许可纠纷中，代表原告一及原告三等关联公司，就字节跳动相关产品和服务获得标准必要专利等专利组合的许可事宜，从事许可谈判活动"。可见，原告三重庆今日头条不是涉案标准必要专利的谈判主体，不属于与本案有直接利害关系的法人，非本案适格原告。

管辖权异议申请书
（2025）渝 01 民初 812 号

**2.在案证据不能证明原告三从事相关"抖音"业务，因此其不是本案标准必要专利的实施主体，故涉案标准必要专利不可能在重庆实施、也不能依据原告三住所地建立管辖。**

涉案 H.265（HEVC，高效视频编码）和 H.266（VVC，多功能视频编码）是新一代高性能视频编解码标准，核心优势是超高压缩率、超高清高帧率，广泛应用于网络流媒体与低延迟直播领域。原告在起诉状中自认"其部分产品和服务使用了 H.265、H.266 标准相关的视频编解码技术。"为此，我们认为至少原告的"抖音"业务使用了涉案标准必要专利的视频编解码技术。被告至今仅收到了原告提交的证据目录，而无证据内容，原告亦未在起诉状中具体说明原告三重庆今日头条是否及如何从事"抖音"相关业务。因此，目前原告的证据无法证明原告三从事"抖音"相关业务。

相反，公开检索信息显示，原告三重庆今日头条的经营范围中不含从事"抖音"相关业务的专项资质内容。

根据国家广播电视总局等部门的规定，从事"抖音"相关业务，需持有《广播电视节目制作经营许可证》《网络文化经营许可证》及《电信业务经营许可证》等专项资质。相关规定如下：

《广播电视节目制作经营管理规定（2025 修订）》国家广播电视总局，第四条：国家对设立广播电视节目制作经营机构或从事广播电视节目制作经营活动实行许可制度。设立广播电视节目制作经营机构或从事广播电视节目制作经营活动应当取得《广播电视节目制作经营许可证》。

《互联网文化管理暂行规定（文化部令第 57 号）2017 年修订》第九条第二款：对申请从事经营性互联网文化活动的，省、自治区、直辖市人民政府文化行政部门应当自受理申请之日起 20 日内做出批准或者不批准的决定。批准的，核发《网络文化经营许可证》，并向社会公告；不批准的，应当书面通知申请人并说明理由。

《电信业务经营许可管理办法（2017 修订)》工业和信息化部，第四条：经营电信业务，应当依法取得电信管理机构颁发的经营许可证。

但原告三重庆今日头条在工商登记中的经营范围，无上述专项许可资质，仅为一般项目："软件开发；技术服务、技术开发、技术咨询、技术交流、技术转让、技术推广；广告发布；广告设计、代理；广告制作。（除依法须经批准的项

管辖权异议申请书<br>(2025) 渝 01 民初 812 号

目外，凭营业执照依法自主开展经营活动)"(见附件 3：原告三重庆今日头条经营范围)。据此，可知其公司定位为区域技术支持与广告运营主体，而非"抖音"相关涉及短视频/直播等业务运营方，不可能是涉案专利技术的实施人。需要说明的是，"技术服务、软件开发"属于通用技术支持范畴，不特指视频编解码、直播技术或云协作平台开发，而更多为本地业务提供技术支撑。

(二) 即便认为中国法院对本案具有司法管辖权，可考虑"抖音"APP 的研发、运营地点可能位于北京，涉案标准必要专利可能在北京实施，可合理预见的中国履行地位于北京；或者考虑涉案中国专利的授权地位于北京，基于国家知识产权局的住所地，应将本案移送至北京知识产权法院审理。

若认定中国法院对本案具有司法管辖权，在本案无其他更适当管辖连结点的情况下，依据最高人民法院在 (2022) 最高法知民辖终 167 号 OPPO 诉诺基亚标准必要专利许可纠纷管辖权异议案[1]中确立的裁判规则，"专利实施地"可作为确定管辖的连结点。本案，至少原告的"抖音"业务使用了涉案标准必要专利的视频编解码技术，可考虑基于"抖音"APP 的研发、运营地点可能位于北京，将本案移送至北京知识产权法院审理。

"抖音"APP 公示的《营业执照》《广播电视节目制作经营许可证》《网络文化经营许可证》《增值电信业务经营许可证》载明的主体以及应用商店内公示的开发者主体名称均为案外人(见附件 4："抖音"APP 运营主体信息)。因此，案外人是"抖音"APP 的运营主体。鉴于案外人的注册地位于北京，并且根据公开信息及行业共识，"抖音"APP 的主要研发中心、核心运营及相关技术服务均集中位于中国北京市。则北京为涉案标准必要专利的实施地以及可合理预见的合同履行地之一。

或者，涉案标准必要专利涵盖的中国专利由国家知识产权局授权，且本案为涉外纠纷，在无其他具有更加适当联系管辖地的情况下，中国涉案标准必要专利的授权地即国家知识产权局所在地北京亦可作为本案管辖连结点。

因此，即便认定中国法院对本案具有司法管辖权，在重庆市不是本案管辖连结点，贵院对本案不具有管辖权的情况下，贵院应将本案移送至具有管辖权的北

---

[1] 最高人民法院在 (2022) 最高法知民辖终 167 号 OPPO 诉诺基亚标准必要专利许可纠纷管辖权异议二审案中认定："OPPO 重庆公司位于重庆市渝北区，在重庆市使用和销售手机产品，重庆市是涉案标准必要专利的主要实施地之一。原审法院作为涉案专利主要实施地的人民法院，实质上与本案纠纷具有适当联系，据此对本案行使管辖权亦无不当。"

管辖权异议申请书<br>（2025）渝 01 民初 812 号

京知识产权法院进行审理。

综上，三被告特向贵院提出管辖权异议，请求贵院依法裁定驳回原告的起诉或将本案移送至北京知识产权法院审理。

此致

重庆市第一中级人民法院

申请人：威勒斯媒体有限公司

威勒斯媒体国际有限公司

泰克斯特流有限公司

代理人： *[签名]*

日期：2026 年 1 月 21 日

附件：

附件 1：Avanci 官网媒体发布—Avanci 推出 Avanci 视频许可平台；

附件 2：Avanci 官网截图—Avanci 视频许可平台许可方成员介绍；

附件 3：原告三重庆今日头条经营范围；

附件 4："抖音"APP 运营主体信息。